**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAWRENCE KRAVETZ, JONATHAN KRAVETZ, CARRIE KRAVETZ, and STEVEN BROOKS, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 16 CV 9194 |
| BRIDGE TO LIFE, LTD., a Wyoming corporation, STEVEN SCHWEIGHARDT, THOMAS KELLER, JEROME LISS, JOEL HOLICK, AND SHAWN RICE, in their capacities as Directors of BRIDGE TO LIFE, LTD., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## OPINION AND ORDER

Lawrence Kravetz, Jonathan Kravetz, Carrie Kravetz, and Steven Brooks filed suit against Bridge to Life, Ltd. (BTL) and its board of directors, including Steven Schweighardt, Thomas Keller, Jerome Liss, Joel Holick, and Shawn Rice, for breach of contract (count I), promissory estoppel (count II), unjust enrichment (count III), breach of fiduciary duty (count IV), breach of the implied covenant of good faith and fair dealing (count V), conversion (count VI), and declaratory judgment (count VII). Defendants have moved to dismiss all counts against the directors as well as counts V, VI, and VII against BTL under Federal Rule of Civil Procedure 12(b)(6). [1] (Dkt. 21.) For the reasons stated below, the motion is granted in part and denied in part as to Lawrence Kravetz and continued as to Jonathan Kravetz, Carrie Kravetz, and Steven Brooks.

---

[1] BTL, but not the directors, have answered counts I, II, and III. (*See* dkt. 20.)

Lawrence Kravetz is a founding shareholder of BTL, a corporation that develops, manufactures, and sells organ transplant solutions. (Dkt. 1 ¶¶ 1, 22.) From approximately July 2005 through June 2010, BTL issued Lawrence 1,200,000 shares of common stock.[3] (*Id.*) This was in recognition of business development and fundraising that he provided, (*id.* ¶ 24), including a loan he secured for BTL from his brother, Norman (*id.* ¶ 2). Norman later bought each of his two children, Jonathan and Carrie, 20,000 shares of BTL common stock. (*Id.* ¶ 3.) At some point, Steven Brooks acquired 25,000 shares of BTL common stock. (*Id.* ¶ 4.)

BTL was originally incorporated in Delaware in 2005, but redomesticated in Wyoming on February 19, 2014. (*Id.* ¶ 1.) BTL retained Shawn Rice, an attorney and current BTL director, to assist with the redomestication. (*Id.* ¶ 25.) On February 27, 2014, Rice sent a letter to BTL shareholders requesting that they retire their Delaware stock certificates and be reissued Wyoming certificates. (*Id.* ¶ 27.) The letter stated in part that upon "receipt of the certificate(s) . . . for all shares of common stock held by you, we will issue to you a new Wyoming stock certificate . . . ." (*Id.*) All Plaintiffs returned their Delaware stock certificates. (*Id.* ¶¶ 28–29.) Defendants, however, failed to issue Jonathan, Carrie, or Brooks any Wyoming stock certificates. (*Id.* ¶¶ 38, 40.) Defendants also refused to issue Lawrence any Wyoming stock certificates, (*id.* ¶ 31), alleging that, due to a previous issuing error, he is entitled to only 600,000 shares, not 1,200,000. (*Id.* ¶ 32.) Additionally, Defendants have stated that Lawrence failed to attract investors or raise capital for BTL. (*Id.* ¶¶ 35.)

---

[2] Unless otherwise noted, the following facts are taken from plaintiffs' complaint and are presumed true for the purpose of resolving the pending motion. *Active Disposal, Inc.* v. *City of Darien*, 635 F.3d 883, 886 (7th Cir. 2011) (citation omitted).

[3] To avoid confusion, the court will refer to the Kravetzes by first name.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim on which relief may be granted. In ruling on such a motion, the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *Active Disposal*, 635 F.3d at 886 (citation omitted). To survive a Rule 12(b)(6) motion, the complaint must not only provide the defendant with fair notice of a claim's basis but must also establish that the requested relief is plausible on its face. *See Ashcroft* v. *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009); *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The allegations in the complaint must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. At the same time, the plaintiff need not plead legal theories; it is the facts that count. *Hatmaker* v. *Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010); *see also Johnson* v. *City of Shelby*, 574 U.S. ----, 135 S. Ct. 346, 346, 190 L. Ed. 2d 309 (2014) (per curiam) ("Federal pleading rules call for 'a short and plain statement of the claim showing the pleader is entitled to relief'; they do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." (citations omitted)).

## ANALYSIS

Defendants first argue that *res judicata* bars all claims against the directors as well as claims for breach of the covenant of good faith and fair dealing (count V) and conversion (count VI) against BTL. Defendants also argue that, because Illinois does not recognize an independent claim for breach of the covenant of good faith and fair dealing, count V should be dismissed and that the *Moorman* doctrine as well as plaintiffs' failure to allege permanent deprivation of chattel

bar count VI.[4] Finally, defendants argue that count VII for declaratory judgment should be dismissed because it is duplicative of plaintiffs' claims for breach of contract and promissory estoppel.

## I.    *Res Judicata*

Lawrence, Jonathan, and Carrie filed suit against BTL (as a Delaware corporation) and its board of directors[5] in the Delaware Court of Chancery in December 2015. (Dkt. 21-1.) The Kravetzes asserted two counts for breach of contract, as well as counts for unjust enrichment, breach of fiduciary duty, breach of implied covenant of good faith and fair dealing, intentional misrepresentation, intentional breach of contract, and conversion.[6] The Delaware court determined that all of the claims "relat[ed] to the company's alleged failure to reissue shares of stock surrendered by plaintiffs when the company re-domesticated from Delaware to Wyoming." (Dkt. 21-3 at 50:17–20.) The Delaware court dismissed with prejudice all claims against the directors. It also dismissed with prejudice all claims against BTL except the breach of contract and unjust enrichment claims, and it ordered the Kravetzes to clarify their contract claims. The Kravetzes then filed an amended complaint against BTL only (dkt. 21-4), which BTL moved to dismiss. Before the court ruled on that motion, the Kravetzes voluntarily dismissed their case. They subsequently filed the current lawsuit.[7]

Though usually presented as an affirmative defense, *res judicata* may be considered on a

---

[4] Because the *res judicata* argument is dispositive, the court does not address the other arguments against counts V and VI.

[5] The directors are the same individuals named in this suit.

[6] Two additional counts, securities fraud and declaratory judgment, were withdrawn.

[7] Plaintiffs' complaint requests relief from "Defendants" after each count. The court assumes that count IV, breach of fiduciary duty, is only asserted against the directors.

motion to dismiss where it is "clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law." *Parungo* v. *Comty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017) (citations omitted). The court may take judicial notice of court filings. *Id.*

When examining the issue of *res judicata*, the court uses the law of the state where the original suit was filed. *See Chicago Title Land Tr. Co.* v. *Potash Corp. of Saskatchewan Sales*, 664 F.3d 1075, 1079 (7th Cir. 2011). Under Delaware law, *res judicata* precludes a later-filed claim where "(1) the original court had jurisdiction over the subject matter and the parties; (2) the parties to the original action were the same as those parties, or in privity, in the case at bar; (3) the original cause of action or the issues decided was the same as the case at bar; (4) the issues in the prior action must have been decided adversely to the appellants in the case at bar; and (5) the decree in the prior action was a final decree." *RBC Capital Markets, LLC* v. *Educ. Loan Tr. IV*, 87 A.3d 632, 643 (Del. 2014) (citations omitted).

Plaintiffs argue only that defendants cannot satisfy the first and second elements. According to plaintiffs, once BTL redomesticated in Wyoming, it became a different entity than the one sued in Delaware. Following that logic, the individual directors sued in Delaware are now serving on a different board. The argument fails.

It is easier to discuss the elements out of order, starting with the second. The Delaware corporation and the Wyoming corporation are the same entity. Therefore, the second element of proof is satisfied. Under the Wyoming Business Corporation Act (WBCA),

> any corporation incorporated for any purpose . . . may, if the jurisdiction will acknowledge the corporation's termination of domicile in the foreign jurisdiction, apply to the secretary of state for registration under this act, thus *continuing* the foreign corporation in Wyoming as if it had been incorporated in this state.

Wyo. Stat. Ann. § 17-16-1810(a) (emphasis added). Additionally, that "continuance shall not

affect the corporation's . . . liability for any existing . . . rulings, orders, [or] judgments." *Id.,* § 17-16-18(f). The WBCA's plain language makes clear that BTL, as a Wyoming corporation, is bound by any judgment issued in the Delaware litigation because it is the same entity that it was in Delaware. This also means that the individual defendants are directors of the same entity.

The first element is also satisfied. It is clear that the Delaware court had jurisdiction over defendants if for no other reason than they consented to that jurisdiction, as evidenced by the fact that they appeared and mostly prevailed on their first motion to dismiss in the Delaware litigation. *See Sternberg* v. *O'Neil*, 550 A.2d 1105, 1109 (Del. 1988) ("[C]onsent has been recognized as a basis for the exercise of general personal jurisdiction.").

For their part, plaintiffs make limited mention of the WBCA, and they cite no case law in support of their argument that BTL, a Wyoming corporation, is a different party from BTL, a Delaware corporation. Rather, they rely almost entirely on a brief that BTL filed in support of its motion to dismiss the amended complaint in the Delaware litigation. That brief argued that BTL (Wyoming) was not a party to the Delaware litigation, was not subject to jurisdiction in Delaware, and therefore could not be compelled by a Delaware court to issue Wyoming stock. Plaintiffs seem to contend that the court should not allow defendants to take a contradictory position in this litigation.

Though inartfully expressed, this argument amounts to one for judicial estoppel. Judicial estoppel is an equitable doctrine that prevents a party who asserted a position in a prior proceeding from arguing a contradictory position in a later proceeding. *See Grochocinski* v. *Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 795 (7th Cir. 2013). One issue the court should consider is whether "the party has succeeded in persuading a court to accept that party's earlier position." *Id.* (quoting *New Hampshire* v. *Maine*, 532 U.S. 742, 750). Here, the Kravetzes

voluntarily dismissed their case before the Delaware court ruled on the motion to dismiss the amended complaint (dkt. 21-5), and there is no indication that the Delaware Court ever considered the issue. Thus, the Delaware court did not rely on the asserted position, and defendants are free to argue as they choose.

All claims against the directors were dismissed with prejudice in the Delaware litigation. Five of those claims—breach of contract, unjust enrichment, breach of fiduciary duty,[8] breach of the clause of good faith and fair dealing, and conversion—are reasserted here; they are barred by the doctrine of *res judicata*. Two new claims—promissory estoppel and a declaration that, under the WBCA, returning the Delaware stock certificates created a duty for the directors to issue an equal amount of Wyoming stock certificates—are also *res judicata*, as they spring from the same common nucleus of operative facts: an "alleged failure to reissue shares of stock surrendered by plaintiffs when the company re-domesticated from Delaware to Wyoming."[9] (Dkt. 21-3 at 50:17–20.) Plaintiffs also assert two counts previously dismissed with prejudice against BTL: breach of the covenant of good faith and fair dealing and conversion. They, too, are *res judicata*.

Accordingly, all counts against the directors and counts V and VI against BTL are dismissed with prejudice.

---

[8] Although Lawrence asserts this claim against blanket "Defendants," (dkt. 1 at 12–13), the court infers that it is not directed at BTL but only the directors, as a corporation itself cannot have a fiduciary duty to a shareholder.

[9] Like federal courts, Delaware uses a transactional approach to *res judicata*. *LaPoint* v. *AmerisourceBergen Corp.*, 970 A.2d 185, 193 (Del. 2009) (citation omitted). To determine whether two different counts relate to the same transaction, courts consider "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* (citation omitted) (quoting Restatement (Second) of Judgments § 24(2) (1982).) "[I]n addition to showing that the same transaction formed the basis for both the present and former suits, the defendant must show that the plaintiff neglected or failed to assert claims which in fairness should have been asserted in the first action." *Id.* at 193–94 (citation omitted).

## II.    Duplicative Claims

Finally, BTL argues that the court should dismiss the request for declaratory judgment (count VII) as duplicative of the counts for breach of contract (count II) and promissory estoppel (count III). "Claims are considered duplicative, rather than merely pleaded in the alternative to one another, if they (1) involve the same operative facts, (2) involve the same injury, and (3) require proof of essentially the same elements." *Swervo Entertainment Group* v. *Mensch*, No. 16 CV 4692, 2017 WL 1355880, at *7 (N.D. Ill. Apr. 13, 2017) (citations omitted). Count VII is based on the section of the WBCA addressing the issuance of stock. Plaintiffs argue that surrendering their Delaware stock certificates created a binding agreement on BTL to issue Wyoming stock certificates, presumably under Wyo. Stat. Ann. § 17-16-621(d). While the court acknowledges that the same operative facts and same injury are involved as in the contract and quasi-contract claims, it is not convinced that the proof required to show compliance with the statute would be the same as for either breach of contract or promissory estoppel. The declaratory judgment requires interpretation of the WBCA, something not at issue in either of those counts. Additionally, "[q]uestions arising out of the issue and transfer of stock may be determined in declaratory judgment proceedings." 22A Am. Jur. 2d Declaratory Judgments § 168. Accordingly, at this point in the proceedings, the motion to dismiss count VII as to BTL is denied without prejudice.

### ORDER

Accordingly, Lawrence Kravetz's motion to dismiss (dkt. 21) is granted in part and denied in part. All counts against the individual directors are dismissed with prejudice. Counts V and VI against BTL are also dismissed with prejudice. The motion is denied without prejudice as to count VII against BTL.

The motion to dismiss (dkt. 21) is continued as to counts brought by Jonathan Kravetz, Carrie Kravetz, and Stephen Brooks. A status is set for August 22, 2017 at 11:00 to discuss whether those plaintiffs' claims are now moot.



Date: August 18, 2017

_____
U.S. District Judge Joan H. Lefkow